UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENWORTH OF ST. LOUIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1223 (CEJ) |
| ) | |
| PACCAR, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Kenworth of St. Louis to compel defendants CIT Group, Inc., (CIT) and Kyle Zwicker to respond to request for production of documents. Defendants have filed a response in opposition to the motion. Plaintiff has also filed a motion for hearing on its discovery motion. Because the discovery motion can be resolved on the basis of the documents filed, the motion for hearing will be denied.

**I.    Background**

Defendant PACCAR, Inc., doing business as Kenworth Truck Company (PACCAR), is the manufacturer of trucks and tractors. Since 1982, plaintiff has operated as an exclusive franchisee selling PACCAR'S Kenworth trucks and tractors through dealerships in Missouri. Plaintiff's sales territory covers more than 24,000 square miles and includes 27 counties in Missouri (the Missouri territory) and 15 counties in Illinois (the Illinois territory). Plaintiff alleges that, in 2010, PACCAR authorized defendant CIT, a dealership located in Normal, Illinois, to sell and service trucks in plaintiff's territory. Plaintiff alleges that PACCAR's actions violate the Missouri Vehicle Franchise Practices Act (MVFP), Mo.Rev.Stat. §§ 401.810 *et seq.* Plaintiff further alleges that defendants CIT and Zwicker, a CIT employee, falsely told plaintiff's customers and

prospective customers that plaintiff is going out of business.  Plaintiff brings claims for violation of the MVFP and prima facie tort against defendant PACCAR and a defamation claim against defendants CIT and Zwicker.  Plaintiff seeks actual and punitive damages as well as declaratory and injunctive relief.

On February 9, 2012, plaintiff served eleven requests for production on defendants CIT and Zwicker.  Defendants objected to all eleven requests but indicated that there were no documents responsive to Request Nos. 10 and 11, which plaintiff has withdrawn.  In addition, defendants agreed that upon entry of a protective order, they would produce documents responsive to Requst Nos. 2 and 4.  Five of plaintiff's document requests remain in dispute.

## II. Legal Standard

Rule 26, Fed.R.Civ.P., provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Rule 26(b)(1).  The rule provides a two-tiered discovery process.  In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1188 (10th Cir. 2009).  The first tier is "attorney-managed discovery of information relevant to any claim or defense of a party"; the second tier is "court-managed discovery that can include information relevant to the subject matter of the action."  Id.  When a party objects that "discovery goes beyond material relevant to the claims or defenses, the court [becomes] involved to determine whether the discovery is relevant to the parties' claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.  This good-cause standard is intended to be flexible."  Fed.R.Civ.P. 26 advisory committee's note (2000).  See also 8 Charles Alan Wright et al., Federal Practice and Procedure § 2008 (3d ed. Supp. 2012).

## III. Discussion

Request No. 1 seeks documents reflecting CIT's sales of parts within plaintiff's Illinois territory since January 2010; Request No. 3 seeks documents reflecting sales of Kenworth trucks in the Illinois territory. Defendants object that the requests are overbroad and burdensome, and seek documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence with respect to the defamation claims against them. More specifically, defendants object that the requests are not limited to sales of Kenworth products or Kenworth customers in Illinois; seek information predating CIT's relationship with PACCAR; and are not relevant to the defamation claims against them. The Court notes that defendants agreed to make available for inspection documents in response to requests for the same documents related to sales in plaintiff's Missouri territory.[1] Defendant does not articulate a basis for distinguishing between the Illinois and Missouri territories and will be directed to produce documents responsive to Request Nos. 1 and 3 for sales in plaintiff's Illinois territory.

Request No. 5 seeks all agreements between PACCAR and CIT relating to CIT's retail and service center. Defendants describe this request as "exceptionally" broad and lacking a durational limit. The Court disagrees. The underlying dispute centers on an alleged agreement between PACCAR and CIT that, in 2010, resulted in CIT becoming an authorized Kenworth dealer. The request is limited to agreements related to that authorization and it is highly unlikely that responsive documents span an unreasonable period of time. Defendants also object that the requested documents are

---

[1] Defendant agreed to produce for inspection documents reflecting sales after January 31, 2010, to customers in 26 of the 27 counties that comprise plaintiff's Missouri territory. The Court assumes that the omission of Warren County was inadvertent.

not relevant to the defamation claims and should have been obtained from PACCAR. The documents are relevant "to any party's claim" and "to the subject matter involved in the action." Defendants' objections to Request No. 5 are overruled.

In Request No. 6, plaintiff seeks sales projections for Kenworth trucks or parts at CIT's dealership prepared by CIT or PACCAR. Defendants object that the request seeks proprietary information. The parties have entered into a protective order safeguarding materials that CIT designates as confidential and this objection is moot. Defendants object to the request as burdensome as it would require CIT to examine documents to determine whether they "mention . . . reference[] . . . or allude[] to" projected sales. Defendants will be required to produce those documents containing sales projections that were exchanged between CIT and PACCAR.

Request No. 7 seeks documents that define the geographic territory granted to CIT by PACCAR. Defendants once again object that the request is overbroad, burdensome and without durational limits. For the reasons stated in connection with Request No. 5, the objection is overruled.

Plaintiff notes that the Case Management Order establishes May 15, 2012 as the date by which its expert disclosures are due. Plaintiff represents that it cannot make the disclosures until it receives and reviews the documents subject to this order. The Court will entertain a motion for reasonable extension of the expert discovery deadlines.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. #29] is **granted**.

**IT IS FURTHER ORDERED** that defendants CIT and Kyle Zwicker shall produce or make available for inspection documents responsive to Request Nos. 1, 3, 5, 6 and 7, no later than **May 15, 2012**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a hearing on its motion to compel [Doc. #31] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2012.